## STEPHEN BABICH ET AL. *v.* JOHN BONADIES ET AL.

Superior Court          Judicial District of          File No. CV00-0273122S
                        New Haven at Meriden

Memorandum filed June 26, 2002

*The Arons Law Firm,* for the named plaintiff.

*Taka Iwashita,* assistant attorney general, with whom was *Richard Blumenthal,* attorney general, for the plaintiff state treasurer.

*Neubert, Pepe & Monteith,* for the named defendant.

*Bai, Pollock, Blueweiss & Mulcahey,* for the defendant Jeffrey Sumner.

GILARDI, J. This is a medical malpractice claim in which the named plaintiff has retained two medical experts who reside out of state. The defendants have requested the experts appear and testify in depositions to be held in the state of Connecticut. The parties have filed motions for this court to determine the reasonable fees to be paid, and by whom, with respect to these depositions.

General Statutes § 52-149a requires that if any expert, as defined in the statute, is to be called to testify at trial, they are required to be made available for a deposition. Subsection (b) of § 52-149a requires that the party requesting the deposition shall pay the expert "the fee for giving testimony" at the deposition.

All the parties may well have agreed to allow the depositions of the out-of-state experts to be held in Connecticut, but they have disagreed as to what should be considered "the fee for giving testimony . . . ." General Statutes § 52-149a (b). The plaintiffs are requesting reimbursement for all of the time and expense the experts will charge to travel back and forth to Connecticut, as well as the time for the deposition itself. Based on the information furnished, the total of the claimed expenses could amount to $30,000. On the other hand, the defendants feel that the hourly charge for an appearance at the depositions is the only charge for which they

feel they are responsible, and that amount is claimed to be $2700.

Historically, the depositions of out-of-state experts are held at the location of their offices and it is the opinion of the court that deviation from that practice will result in prolonged evidential hearings to determine the amount of time lost from the experts' practices and the conversion of that time into lost income to determine its reasonableness.

In fact, although the experts are required to appear under § 52-149a and are required to be paid by the party taking the deposition, they are still nonresidents of the state.

Subsection (d) of Practice Book § 13-29 requires that a nonresident give a deposition within the county in which they are personally served "or in such other place as is fixed by order of the judicial authority."

It is the order of this court, therefore, that the depositions of the medical experts are to be taken within twenty miles of their offices. The defendants are to pay the sum of $750 per hour for testimony given at the depositions. The plaintiffs are to pay for any charges incurred as a result of preparation for the depositions, and all parties are required to pay their own expenses for participation in the depositions. The depositions may be held in any other location if the location and all of the fees and expenses of the experts are agreed upon by all of the parties.